UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL POWERS                                                                    Plaintiff

v.                                                                   Civil Action No. 3:23-cv-00609-RGJ

AUTOZONERS, LLC                                                                  Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiff Michael Powers ("Powers") moves the Court [DE 39] to amend or correct its May 19, 2025, Memorandum Opinion and Order. [DE 38]. Defendant AutoZoners, LLC ("AutoZone") responded, [DE 42] and Powers replied. [DE 43]. This matter is ripe. For the reasons below, Powers's Motion to Amend or Correct [DE 39] is **DENIED**. The Court will amend its order [DE 38] to clarify that Powers claim for wrongful termination was not abandoned, but fails on the merits of the claim.

I.    BACKGROUND

The full facts and background are in the Court's previous order [DE 38]. On December 20, 2024, AutoZone moved for summary judgment on all counts. Powers responded [DE 34] and AutoZone replied [DE 37]. While filing his response, Powers, through counsel experienced technical difficulties with CM/ECF that prevented Powers from filing many of his exhibits. [DE 39 at 899]. Powers's counsel called chambers and left a voicemail explaining the issue, then emailed the Magistrate Judge, and opposing counsel to notify them of the issue. [DE 39-1 at 9-08]. Powers's counsel drove to the U.S. District Court Clerk's Office at 601 West Broadway, Room 106, Gene Snyder United States Courthouse in Louisville, KY 40202, to conventionally file the exhibits but was unable to as the U.S. District Court Clerk's office closed early that day due to an

1

anticipated snowstorm. [*Id*]. Due to the "inaccessibility of the clerk," Fed. R. Civ. P. 6(a)(3) was applied, and the filing deadline was extended to January 13, 2025. [*Id*]. On Monday, January 13, 2025, Powers, through counsel, conventionally filed the rest of the attachments as DE 35. The Court issued a Memorandum Opinion and Order on May 16, 2025, denying AutoZone's motion for summary judgment. [DE 38]. In that order the Court held that Powers had abandoned his claims for constructive discharge and wrongful termination.

## I. DISCUSSION

Rule 59(e) is intended to permit a court to "rectify its own mistakes in the period following the entry of judgment." *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982). A court may alter or amend a prior judgment under Rule 59(e) based only on (1) "a clear error of law," (2) "newly discovered evidence," (3) "an intervening change in controlling law," or (4) "a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Federal Rule of Civil Procedure 60(b) provides that a court "may relieve a party or its legal representative from final judgment, order, or proceeding" for many reasons. Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b)(1) is proper "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Rule 60(b)(6) is a catch-all provision that provides relief from a final judgment when the movant

2

shows "any other reason that justifies relief." *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005). Under Fed. R. Civ. P. 61 "the court must disregard all errors and defects that do not affect any party's substantial rights," and as such harmless error is not ground for "vacating, modifying, or otherwise disturbing a judgment or order."

The issue here is whether the Court's order denying AutoZone's motion for summary judgment improperly found Powers's wrongful and constructive discharge claims abandoned, and as such should amend its order to correct a substantive mistake of law or fact, to prevent manifest injustice, or for any other reason justifying relief.

### 1. Abandonment of Claims

In the Sixth Circuit a plaintiff is deemed to have abandoned a claim when they fail to address it in response to a motion for summary judgment. *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013); *see Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011) (holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in a response to a motion for summary judgment); *Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 524–25 (6th Cir. 2006) (recognizing that the failure to respond properly to motion for summary judgment arguments constitutes abandonment of a claim); *Conner v. Hardee's Food Sys., Inc.*, 65 F. App'x 19, 24–25 (6th Cir. 2003). Even if two claims provide the same remedy, a plaintiff asserting both needs to establish the legal elements of each." *Brown*, 545 F. App'x at 372.

### 2. Wrongful Termination

Powers argues that his claim of wrongful termination was not abandoned in his response to AutoZone's Motion for Summary Judgement. [DE 34]. Powers argues that he did respond to AutoZone's arguments and the Court mischaracterized his arguments and erroneously concluded

3

that the claim of wrongful termination was abandoned. Powers cites to his response where he argued that,

> Despite AutoZone's attempt to blame the Plaintiff for his departure, Percival admitted in his deposition that he terminated the Plaintiff when he insisted upon an explanation for his demotion Percival Depo., pp. 42 – 43. Pursuant to FRE, 801 (d)(2), Percival's admission of terminating the Plaintiff is binding on the Defendant. The Plaintiff also testified under oath he did not quit, but that he was terminated. Powers Depo., pp. 16 – 22. Therefore, there is no genuine dispute that he was discharged. If there was a dispute, it must be viewed in a light most favorable to the Plaintiff, at this stage in the process. *Singfield v. Akron Metro. Hous. Auth.* 389 F.3d 555, 558."

[DE 34 at 375]. Powers's argument that Percival admitted to the termination of Powers was a response to AutoZone's argument against wrongful termination and thus, Powers is correct the argument was not abandoned. The cited excerpt of Percival's deposition testimony that support's Powers's argument was included in the conventionally filed exhibit DE 35 filed after Powers's response. [DE 34]. The Court overlooked the conventionally filed exhibit and the included deposition transcript leading to a mistake of fact that affected the final order.

AutoZone argues that the error is harmless as Powers's claim of wrongful termination fails regardless due to Powers's own testimony. [DE 42 at 920]. According to AutoZone Powers admits in his deposition that he quit rather than accept a demotion. [DE 32-2 at 197]. Powers contests AutoZone's argument by citing to the deposition testimony of Percival to show that Percival himself admits that he "had no alternative but to terminate" Powers. [DE 35-5 at 808].

Although AutoZone and Powers disagree on whether the facts prove that Powers was fired or quit, the testimony of Percival and Powers is not contradictory, and there is no actual dispute on the record over what occurred. Powers was demoted by Percival and AutoZone. [DE 32-2 at 195; DE 32-3 at 236]. Powers then repeatedly refused to accept his demotion and was informed by Percival that if he did not accept the demotion AutoZone would consider him resigned and

4

terminate his employment. [DE 32-2 at 197; DE 32-3 at 236-237]. Powers again refused the demotion and told Percival that he had not resigned and was subsequently "terminated." [DE 32-2 at 197]. When Percival states that he "had no alternative but to terminate" Powers, [DE 35-5 at 808] the record shows he was referring to Powers removal from the system, [DE 32-2 at 197] and Percival explicitly states that Powers was not fired by AutoZone [*Id*. at 806]. There is no record evidence that AutoZone intended to or believed it had fired Powers.

There is no genuine dispute of fact, Powers was offered a choice between resignation or accepting a demotion. Powers refused to accept the demotion but maintained he had not quit, leading to his removal from the employee system by AutoZone. Under these undisputed facts, Powers was not terminated. *Robinette v. Nat'l Credit Servs. Corp.*, 182 F. Supp. 2d 1055, 1059 (D. Kan. 2001). When an employee is offered the choice between accepting a demotion or tendering a resignation, refusal to accept the demotion is not generally an actual termination. *Id*. In *Robinette v. Nat'l Credit Servs. Corp.*, a persuasive case from the district of Kansas, a plaintiff was offered a demotion, which they chose not to accept. *Id*. Despite a letter from the plaintiff which stated in that she did not agree to voluntarily resign, the court held that in practice, the Plaintiff had in fact resigned. *Id*. There is no dispute that Powers had the same choice and decided not to accept the demotion, in practice resigning from his job. Claims based on a choice between resignation and demotion can still give rise to discrimination claims, more commonly by contesting the demotion itself or by alleging constructive discharge, but no claim for actual termination exists here.

Given the undisputed facts of this case, Powers was not terminated. As such, summary judgment on this claim was proper. Under Fed. R. Civ. P. 61 the Court's error was harmless, and without need prevent manifest injustice the Court will **DENY IN PART** Powers's Motion to

Amend or Correct the Judgment under Fed. R. Civ. P. 59(e) and 60(b). The Court amends its summary judgment order to clarify that Powers argument as to actual termination fails but was not abandoned.

### 3. Constructive Discharge

Powers argues that his claim of constructive discharge was not abandoned in his response to AutoZone's Motion for Summary Judgment. [DE 34]. Constructive discharge is a separate claim from wrongful termination. To prove a claim under constructive discharge, the plaintiff must produce evidence that: (1) the employer deliberately created intolerable working conditions as perceived by a reasonable person; and (2) the employer did so with the intention of forcing the employee to quit. *Saroli v. Automation & Modular Components, Inc.*, 405 F.3d 446, 451 (6th Cir. 2005) (quoting *Logan v. Denny's Inc.*, 259 F.3d 558, 568–69 (6th Cir. 2001)).

In its Motion for Summary Judgment AutoZone argues that constructive discharge does not apply as Powers is unable to properly assert that his working conditions had become so intolerant that he had no other choice but to resign. [DE 32-1 at 183-84]. In his response [DE 34] Powers only argues for demotion and briefly actual discharge. When arguing discharge Powers never alleges that his working conditions had become intolerable and argues that he did not quit. [DE 34 at 375]. Powers fails to mention constructive discharge at any point in his response and fails to address AutoZone's arguments against constructive discharge. Powers's Motion to Amend or Correct also fails to point to any argument regarding constructive discharge in his response and focuses exclusively on the separate charge of actual or wrongful termination. [DE 39]. Powers argument for constructive discharge is abandoned. The Court did not overlook any substantive facts or make a mistake of law on this claim, and there is no need to prevent manifest injustice

6

here as Powers simply failed to appropriately respond to this argument. As such Powers's Motion to Amend or Correct the judgment is **DENIED IN PART** as to the constructive discharge claim.

### III.     CONCLUSION

For these reasons, having considered the above motion, it is **ORDERED** as follows:

1. Powers's Motion to Amend or Correct [DE 39] is **DENIED,**

2. The Court **AMENDS** section 1.i of its Summary Judgment order to clarify that Powers claim for actual termination failed but was not abandoned.

Rebecca Grady Jennings, District Judge
United States District Court

July 30, 2025