UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL POWERS      Plaintiff

v.      Civil Action No. 3:23-cv-00609-RGJ

AUTOZONERS, LLC      Defendant

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

Defendant AutoZoners, LLC ("AutoZone") moves the Court [DE 44] to reconsider its May 19, 2025, Memorandum Opinion and Order denying summary judgment. [DE 38]. AutoZone also moves to supplement its Motion to Reconsider. [DE 45]. Plaintiff Michael Powers ("Powers") responded to both motions, [DE 59] and AutoZone replied. [DE 65]. These matters are ripe. For the reasons below, AutoZone's Motion to Reconsider [DE 44] is **DENIED,** and AutoZone's Motion to Supplement is **DENIED**. [DE 45].

### I.      BACKGROUND

The full facts and background are in the Court's summary judgment order. [DE 38]. On December 20, 2024, AutoZone moved for summary judgment on all counts. Powers responded [DE 34] and AutoZone replied. [DE 37]. The Court issued a Memorandum Opinion and Order on May 19, 2025, denying AutoZone's motion for summary judgment with respect to Plaintiff's claim that he was demoted due to age in violation of the Kentucky Civil Rights Act ("KCRA"). [DE 38]. Powers then moved the Court to alter or amend its ruling to preserve his claims of constructive discharge and actual termination [DE 39] which the Court denied. [DE 76].

On May 30, 2025, the Magistrate Judge held a telephonic status conference to discuss deposing Patrick Peterson ("Peterson"). [DE 41]. The Parties had previously agreed to let

AutoZone depose witnesses that Powers had identified on the last day of discovery, including Peterson, but Powers refused to proceed with the deposition without approval from the Court. [*Id*.]. The Court directed the parties to depose Peterson promptly by agreement and noted that existing deadlines would remain in place. [*Id*.].

On June 10, 2025, shortly after briefing had concluded on Powers's motion to alter or amend, AutoZone moved the Court to reconsider its denial of AutoZone's Motion for summary judgment. [DE 44]. Less than a month later on July 1, 2025, AutoZone deposed Peterson. [DE 45 at 955]. AutoZone then moved to supplement its motion for reconsideration based on facts learned during the Peterson deposition. [DE 45]. Powers objected to both motions, and AutoZone moved to strike, or in the alternative, to consider its motion a reply. [DE 65]. The Court declined to strike and considers AutoZone's motion a timely reply. [DE 69].

## II. MOTION TO RECONSIDER

AutoZone moves the Court to reconsider its prior May 19, 2025, Memorandum Opinion and Order under Federal Rule of Civil Procedure 59(e) and 60(b). [DE 44]. However, Rule 59(e) and Rule 60(b) do not apply to an order denying a motion for summary judgment "because denial of summary judgment is not a final judgment" as required by both rules. *Police & Fire Ret. Sys. of City of Detroit v. Watkins*, No. 08-12582, 2013 WL 12233377, at *1 (E.D. Mich. Feb. 22, 2013) (citing *Cameron v. Ohio*, 344 Fed. Appx. 115, 117-18 (6th Cir. 2009)). Because Rules 59(e) and 60(b) do not apply, and the Court will construe AutoZone's request as a more appropriate Rule 54(b) motion to reconsider. *Cooper v. Vinson*, No. 5:17-CV-10-TBR, 2021 WL 1176263, at *3 (W.D. Ky. Mar. 26, 2021).

2

**A.     Standard**

Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," Federal Rule of Civil Procedure 54(b), provides that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Courts have "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47–48 (1943)). Further, "district court[s] may modify, or even rescind, such interlocutory orders" for sufficient cause. *Id.* (citing *Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88 (1922)); *see also Lellanau Wine Cellars Ltd. v. Black & Red, Inc.*, 118 Fed. Appx. 942, 946 (6th Cir. 2004).

Still, whether the motion is made under Rule 59(e) or 54(b), reconsideration is disfavored. *Cooper*, No. 5:17-CV-10-TBR, 2021 WL 1176263, at 3. The Court will reconsider an interlocutory order only if: (1) there is an intervening change in controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Johnson v. United States*, No. 3:15-CV-715-DJH-CHL, 2019 WL 236720, at *2 (W.D. Ky. Jan. 16, 2019), *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). As with Rule 59(e), reconsideration under Rule 54(b) may not be employed to relitigate issues or present evidence that could have been introduced earlier. *Johnson*, 2019 WL 236720, at *2; *Saunders, v. Ford Motor Co.*, No. 3:14-CV-00594-JHM, 2015 WL 13547825, at *2 (W.D. Ky. Aug. 4, 2015). "A motion for reconsideration that merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication, shall be denied." *Savage v. United*

*States,* 102 Fed. App'x 20, 23 (6th Cir. 2004) (internal quotation omitted). "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Adkins v. Kroger Ltd. P'ship*, No. 5:18-156, 2018 WL 6613786, at *3 (E.D. Ky. Dec. 18, 2018) (quoting *Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012)).

**B.    ANALYSIS**

Although AutoZone disagrees with the Court's determination that Powers met his prima facie case, AutoZone only moves the Court to reconsider the determination that Powers presented enough evidence of pretext to survive summary judgment. [DE 44-1 at 935]. In order for a pretext claim to survive summary judgment the Court must find that "cumulatively, plaintiff's evidence raises genuine issues of material fact as to pretext." *Belcher v. Serv. Corp. Int'l*, No. 2:07-CV-285, 2009 WL 3747176, at *6 (E.D. Tenn. Nov. 4, 2009) (citing *Asmo v. Keane, Inc.*, 471 F.3d 588, 596 (6th Cir. 2006)). AutoZone argues that both newly discovered evidence, and substantive mistakes of law and fact warrant reconsideration of the Court's ruling on pretext.

    1. *Newly Discovered Evidence: Peterson's Deposition*

In the supplement to its Motion to Reconsider [DE 45] AutoZone argues the Court should reconsider its order denying summary judgment [DE 39] "in order to[sic] address new, undisputed facts that were learned during the deposition of Patrick Peterson on July 1, 2025." [DE 45 at 954]. AutoZone argues that Peterson's deposition shows that AutoZone's investigation into Powers was not coerced, fabricated, or initiated by AutoZone, and that Powers had made offensive comments to Peterson. [DE 45 at 955]. According to AutoZone, reconsideration is warranted as Peterson's new deposition directly contradicts Peterson's affidavit relied upon by

4

this Court in denying AutoZone's motion for summary judgment and defeats Powers's allegation that AutoZone's justification for his demotion was mere pretext. [*Id.*].

In the Sixth Circuit newly discovered evidence can provide a basis for a motion to reconsider. *Leisure Caviar, LLC*, 616 F.3d at 615. Under related motions to reconsider, for evidence to be classified as "newly discovered," it must have been "previously unavailable," *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)), and a party must demonstrate that they "exercised due diligence in obtaining the information." *JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 584-85 (6th Cir. 2014).

AutoZone could have deposed Peterson at any point during discovery. AutoZone disclosed Peterson's report in their initial disclosures and used the report as a key part of their decision to demote Powers. [Final Pretrial Transcript, at 9]. Later, AutoZone could have sought leave to depose Peterson after Powers listed him as a witness, or even after Peterson's affidavit was filed. AutoZone could have then moved to supplement its filing, a far more standard procedure than a motion to reconsider. Yet, AutoZone chose not to depose Peterson until after the Court denied their motion for summary judgment. [DE 41]. Even though the deposition itself was not taken until after the Court's summary judgment order, the information obtained from the deposition was not "previously unavailable" to AutoZone. *See Eitel v. Stoll, Keenon, Ogden PLLC*, No. 3:23-CV-00398-GNS, 2025 WL 1594287, at *4 (W.D. Ky. June 5, 2025) (finding a report written after summary judgment was not newly discovered evidence because the information contained in the report was previously available). AutoZone itself admits that they did not depose Peterson sooner because they thought that "if summary judgment was granted there was no need to incur the cost of deposing someone." [*Id.* at 6]. AutoZone's justification for

5

not deposing Peterson earlier was not that it was not available, but rather that it was costly and seemingly unimportant, [*id*.] a justification that fails to demonstrate due diligence under Fed. R. Civ. P. 60(b).

The law is clear that "granting a motion to reconsider is 'extraordinary' relief and that such motions are 'seldom granted.'" *United States v. Thompson*, 580 F. Supp. 3d 503, 506 (N.D. Ohio 2022) (quoting *Amin v. Konteh*, No. 3:05-CV-2303, 2008 WL 5111091, at *2 (N.D. Ohio Dec. 1, 2008)). The Court finds no extraordinary circumstances warranting relief here. AutoZone had plenty of time and every opportunity to obtain Peterson's deposition before the Court's order denying summary judgment and chose not to due to convenience and cost. [*Id*.]. A motion to reconsider is not a cost saving tool that allows litigants to put off discovery they think is unnecessary until faced with an adverse judgment. This deposition was not previously unavailable, and AutoZone failed to exercise due diligence in obtaining it. Therefore, Peterson's deposition is not newly discovered evidence and AutoZone's motion to reconsider based on newly discovered evidence is **DENIED**.

  2. *Hughes Role as a Decision Maker in Powers's Termination*

AutoZone argues that "there is no record evidence that Mr. Hughes played any role in Mr. Percival's decision to demote Plaintiff." (cleaned up). [DE 44-1 at 936]. AutoZone argues that reconsideration is warranted on this point because the Court's pretext analysis relied on the conclusion that "the record contained evidence that Mr. Hughes influenced the decision to demote Plaintiff." [*Id*. at 938]. AutoZone claims that it is undisputed that Hughes was merely informed that Percival had decided to demote Powers, and that there is no evidence in Powers testimony or "anywhere else in the record" that demonstrates Hughes had the ability to demote a district manager. [*Id*. at 937]. However, in doing so AutoZone attempts to relitigate a factual

6

issue already considered by the Court in summary judgment and "merely presents the same issues ruled upon by the Court." *Savage v. United States,* 102 Fed. Appx. 20, 23 (6th Cir. 2004). This is not proper grounds for a motion to reconsider. *Id.*

Further, in asking the Court to reconsider already settled arguments AutoZone ignores the majority of the Court's reasoning. In its ruling the Court found that,

> Powers testified in his deposition that Percival told him that Percival had "been instructed by the divisional office" to demote Powers. [DE 34-12 at 569]. As the Divisional Vice President Hughes is the head of the "divisional office," and a reasonable juror could infer the decision to demote Powers was at minimum influenced by Hughes. [DE 32-2 at 205].

[DE 38 at 895]. This is record evidence previously laid out by the Court that Percival was told to demote Powers by the divisional office which Hughes runs as divisional vice president. Additionally, evidence on the record that Hughes told Powers "I'm the guy that can end your 17-year career" provides evidence that Hughes had the authority to fire Powers. [DE 32-1 at 172; DE 32-2 at 193]. This record evidence shows a material dispute of fact regarding Hughes ability to demote, or influence the demotion of, Powers. Rule 56(e) "identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). Powers deposition testimony is sufficient record evidence relied on by both parties. AutoZone's contentions that there is no evidence that "Hughes had the 'power and authority' to influence Mr. Percival's decision to demote Plaintiff" or was otherwise involved in the decision, fail. [DE 44-1 at 938].

Although AutoZone characterizes Powers's testimony as "speculation," a review of Powers's deposition shows that this is incorrect. "Mere personal beliefs, conjecture and speculation are insufficient to support" a factual inference sufficient to survive summary judgment. *Chappell v. GTE Prods. Corp.*, 803 F.2d 261, 268 (6th Cir. 1986). Testimony is

7

speculative where there is no "supporting material proof" beyond "naked speculation, conjecture, hunches, hypothesizing, intuitions, innuendo, insupportable 'inferences,' empty theorizing, creative guesswork, and wishful thinking." *Ross v. Duggan*, 402 F.3d 575, 588 (6th Cir. 2004). Powers's comments are not speculative as they are not based on mere personal belief and conjecture. Powers testimony is based off statements made by his superiors that support his contention that Hughes had the authority to demote him and acted on that authority. [DE 34-12 at 569; DE 32-1 at 172; DE 32-2 at 193]. These statements testified to by Powers are material facts that support his contentions and go beyond mere guesswork and speculation.

AutoZone correctly points out that there is record evidence that Hughes did not influence the decision to demote Powers by citing to the deposition testimony of Percival and Hughes. [DE 32-8 at 356; 32-3 at 235-236, 238, 240-241, 252-255; DE 32-3 at 245-248]. However, it is not the job of the Court to weigh evidence and determine that one deposition is more trustworthy than another at summary judgment. The Court's job is merely to identify whether there is a dispute of material fact. As the Court had previously determined, there is a genuine dispute of material fact as to Hughes role in demoting Powers. This is not proper grounds for the Court to reconsider its previous order, and even if it were, the Court did not err, and reconsideration is not warranted.

3. *Hughes Statements and Alleged Age Animus*

AutoZone argues that this Court erred in considering the statements of Hughes as evidence of age animus to demonstrate pretext. [DE 44-1 at 938]. According to AutoZone, reconsideration is warranted on this point because the Court's holding is inconsistent with controlling law, and Hughes statements cannot be used to support a finding of pretext. [*Id.*]. AutoZone argues that the Court's conclusion is inconsistent with controlling law for three

8

primary reasons. [*Id*. at 942]. First, Hughes was not involved in the decision to terminate Powers and his comments are irrelevant. Second, regardless of Hughes influence over the investigation, Hughes comments do not demonstrate age animus. And, third, there are no other facts that create any inference of age animus by Hughes. AutoZone's argument that this Court's use of *Braverman* is inconsistent with Sixth Circuit law is a proper argument for a motion to reconsider. However, in making this argument AutoZone again attempts to relitigate decided issues of fact addressed by the Court in summary judgment that are not grounds for reconsideration. *Savage*, 102 Fed. Appx. at 23.

      i.     *Hughes Role as a Decision Maker*

First, AutoZone again argues that Hughes was not a decision maker in the demotion of Powers and his statements are irrelevant regardless of their content. [DE 44-1 at 942]. However, as already discussed, the Court has found and upheld the existence of a material dispute of fact as to Hughes authority to demote Powers, as well as whether he exercised said authority to demote Powers. *see supra* section B. 2. Any arguments that Hughes comments are irrelevant because Hughes "was not involved in the decision to demote Plaintiff or any other decision involving Plaintiff" fail for the reasons previously laid out by the Court. *Id*. This distinguishes the case at issue from *Rowan v. Lockheed Martin Energy Sys., Inc*., which AutoZone cites in support of their contention that the Court erred in considering Hughes statements. 360 F.3d 544, 550 (6th Cir. 2004). The Court in *Rowan* rejected the Plaintiff's claim of age animus because the supervisor who made the comments was not a decision maker. *Id*. This Court's consideration of Hughes statements is appropriate and consistent with similar cases where pretext was upheld based on statements of decision makers that reveal potential age animus. *Braverman v. Penobscot Shoe Co*., 859 F. Supp. 596, 601.

### ii.     *Comments About Retirement as Circumstantial Evidence of Age Animus*

Second, AutoZone argues that Hughes comments are not evidence of age animus, and the Court erred in considering them as such. According to AutoZone the decision in *Braverman*, a case relied on by this Court in its summary judgment order, is inconsistent with controlling Sixth Circuit caselaw which AutoZone contends has "flatly rejected the premise that comments about retirement are necessarily evidence of age animus." [DE 44-1 at 940 (quoting *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 247 (6th Cir. 1997))]. AutoZone is correct that a mere reference to retirement on its own is not necessarily evidence of discriminatory animus and pretext, and *Braverman* does not hold otherwise. *Braverman*, 859 F. Supp. at 601. *Braverman* merely held that specific statements regarding retirement can be considered under the "totality of the circumstances" that a Court looks to when determining pretext for discrimination. *Id.* This ruling is entirely consistent with Sixth Circuit caselaw including *Woythal*, which cites to *Braverman*. 112 F.3d at 247. The Court in *Woythal*, declined to consider specific statements about retirement because "what are your plans for the future," was found to be more of a "friendly inquiry" than evidence of age animus. 112 F.3d 243. The statements considered in *Woythal* were very different than the explicitly threatening statements made by Hughes. AutoZone fails to provide a single case that holds that statements regarding retirement or tenure can never be used as proof of circumstantial evidence of age discrimination, or that *Braverman* is otherwise inconsistent with Sixth Circuit law.

### iii.     *Totality of the Circumstances*

Finally, AutoZone argues that even to the extent that statements about retirement can be considered, Hughes statements do not show evidence of age animus and there are no other facts that create an inference of age animus. [DE 44-1 at 942]. Notably, AutoZone only presents

10

arguments regarding Hughes statement that "the pandemic was resulting in a lot of people's early retirement" [DE 32-2 at 193] and entirely fails to acknowledge the second statement relied on by the Court, "you don't understand, I'm the guy that can end your 17-year career." [DE 32-2 at 193]. Further, in making their argument, AutoZone misstates this Court's prior ruling on Hughes statements. This Court did not hold that comments about retirement "demonstrate any age animus as a matter of law." [DE 44-1 at 942]. This Court specifically held that "each statement alone would be insufficient to support pretext for age discrimination," and it was only when these statements were taken together in the context of all the available information that they provided evidence of pretext. [DE 38 at 895]. The Court considered both of these statements together along with all of the additional facts on the record, including Peterson's affidavit and Powers's much younger replacement, in its initial analysis and continues to do so here. The Court's ruling is consistent with Sixth Circuit caselaw, and reconsideration is not warranted on this issue.

    4. *The Honest Belief Rule*

AutoZone further argues that the Court erred in holding that a reasonable juror could find that Peterson's affidavit calls into question AutoZone's real motivations for demoting Powers due to Percival's honest belief in a nondiscriminatory justification for demoting Powers. [DE 44-1 at 944]. According to AutoZone reconsideration is warranted on this issue because the honest belief rule protects AutoZone from a finding of pretext and warrants summary judgment on Powers's discrimination claim. Under the honest belief rule, "[w]hen an employer reasonably and honestly relies on particularized facts in making an employment decision, it is entitled to summary judgment on pretext even if its conclusion is later shown to be 'mistaken, foolish, trivial, or baseless.'" *Chen v. Dow Chem. Co.*, 580 F.3d 394, 401 (6th Cir. 2009) (citing *Clay v.*

11

*United Parcel Serv., Inc*., 501 F.3d 695, 713-15 (6th Cir. 2007)). However, if the plaintiff can show that the employer's decisional process was "unworthy of credence" by producing "sufficient evidence to establish that the employer failed to make a reasonably informed and considered decision before taking its adverse employment action," then the honest-belief defense does not apply. *Smith v. Chrysler Corp*., 155 F.3d 799, 807–08 (6th Cir. 1998).

In his affidavit, Peterson avers that Brandenburg, who conducted the investigation into Powers, reached out to Peterson directly and "typed up a statement that [Powers] had mistreated [Peterson], and got [Peterson] to sign it even though the statement was not true." [DE 34-4 at 418-19]. Further, Peterson testified that Brandenburg "manipulated a non-issue with [Peterson] in order to build a case against [Powers] to have him demoted or removed." [DE 34-4 at 419]. Any decision based on an allegedly shoddy, and potentially fraudulent, investigation conducted with the sole intent of creating pretext to fire Powers is "unworthy of credence" and does not warrant the protection of the honest belief rule. *See Patel v. Trinity Health Corp*., No. 20-10517, 2021 WL 4894637, at *20 (E.D. Mich. Oct. 20, 2021) (citing *Shazor v. Pro. Transit Mgmt., Ltd.*, 744 F.3d 948, 960 (6th Cir. 2014)).

Although AutoZone claims that Peterson's affidavit cannot create a material issue of fact "as a matter of law," in their motion to reconsider AutoZone fails to expand on this claim or cite to any such law that prevents the Court's consideration of Peterson's affidavit. [DE 44-1 at 944]. When there is a genuine dispute of fact present, the Court may leave the question of whether plaintiff's belief "was reasonable and held in good faith for the factfinder." *O'Neill v. Scripps Media, Inc*., No. 1:23-CV-410, 2024 WL 836955, at *10 (S.D. Ohio Feb. 28, 2024), *report and recommendation adopted*, No. 1:23-CV-410, 2024 WL 1771905 (S.D. Ohio Apr. 24, 2024) (quoting *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579-80 (6th Cir. 2000)). AutoZone once

more erroneously uses a motion to reconsider to ask this Court to insert itself into the role of the jury and decide that AutoZone's evidence in the form of a workplace harassment report is more trustworthy than Peterson's affidavit. That is not the role of the Court or the purpose of a motion to reconsider.

Further, the Court has already repeatedly found sufficient evidence that Hughes was a decision maker in Powers's demotion to create a material dispute of fact for the jury. *see supra* section B.2. As such Percival's "honest belief" alone is insufficient to protect AutoZone under the honest belief rule. AutoZone does not argue that Hughes was protected by the honest belief rule in the demotion of Powers, and as this court already held, a reasonable juror could find that Hughes's "statements call into question AutoZone's real motivations for demoting Powers, especially given the proximity in time between Hughes's comments and the investigation of Powers." [DE 38 at 986]. The Court cannot find that there is no genuine dispute of fact that the honest belief rule applies to Hughes, and summary judgment would not have been proper. Since AutoZone's honest belief is disputed, the Court did not make a clear error, and reconsideration is not warranted on this issue.

   5. *Additional Factual Arguments Raised by AutoZone*

AutoZone makes several additional arguments for reconsideration including that the Court made a manifest error of law when it considered shifting justifications for Powers's demotion, and "Powers's testimony that [firing a Store Manager] was common and unpunished." [DE 39[sic] at 896-97]. AutoZone's arguments again ask the Court to relitigate issues addressed in its prior order and decide factual issues best left for a jury. Neither argument shows that (1) there is an intervening change in controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Johnson*, 2019 WL 236720, at *2.

More importantly, neither argument serves as a significant part of the Court's analysis. In order to show pretext Powers must "produce sufficient evidence from which a jury could reasonably reject the employer's explanation for the adverse employment action. *Anderson v. Otis Elevator Co.*, 923 F. Supp. 2d 1032, 1055 (E.D. Mich. 2013) (citing *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 268 (6th Cir. 2010)). The Court has already considered evidence of age-related threats made by Hughes, the timing of AutoZone's investigation and evidence that it was coerced and fabricated, and AutoZone's decision to replace Powers's with a significantly younger manager. Together this evidence creates a material dispute of fact that calls into question AutoZone's actual motivations and could lead a reasonable juror to believe AutoZone was "actually motivated by an unlawful bias against age." *Rowan*, 360 F.3d at 547. Even if the Court were to reverse its decision on both points raised by AutoZone, it would not materially impact the Court's denial of summary judgment as the evidence already addressed by the Court is sufficient to show pretext. The Court declines to relitigate factual issues raised in a motion to reconsider when they have no bearing on the Court's final determination. Fed. R. Civ. P. 61. There is no clear error on these issues, and the Court finds no basis for reconsideration. AutoZone's Motion to Reconsider is **DENIED**.

### III.   MOTION TO SUPPLEMENT

AutoZone moves to supplement its motion to reconsider with the newly taken deposition of Peterson and related arguments [DE 45] and files the deposition of Peterson in the record. [DE 60]. Courts may grant parties leave to file a supplemental response "in the interests of justice when the proposed submission contains 'new authority or evidence that was not available [to the movant] in the exercise of reasonable diligence' when the original briefs were filed." *Valassis Commc'ns, Inc. v. News Corp.*, No. 13-14654, 2015 WL 13050049, at *1 (E.D. Mich. Dec. 23,

2015). As the Court already addressed, the ability to depose Peterson's was available to AutoZone long before the Court's order denying summary judgment. *see supra section* B.1. AutoZone failed to exercise reasonable diligence in acquiring the deposition by waiting until it had received an adverse action to initiate the process to depose Peterson. *Id*.

Pursuant to Fed. R. Civ. P. 5(d)(1)(A), disclosures under Rule 26(a)(1) or (2) and certain discovery requests and responses including depositions "must not be filed until they are used in the proceeding or the court orders filing." Because this motion to supplement is denied and the deposition not considered, filing of the transcript in the record is improper. As such, the filed deposition transcript [DE 60] shall be stricken from the record. As the evidence presented by AutoZone in the motion to supplement was "available [to the movant] in the exercise of reasonable diligence," AutoZone's Motion to Supplement [DE 45] is **DENIED** and the deposition transcript [DE 60] is **STRICKEN**. *Id*.

### IV.     CONCLUSION

Having considered the parties' filings and the applicable law, and being otherwise sufficiently advised, it is **ORDERED** as follows:

1. AutoZone's Motion to Reconsider [DE 44] is **DENIED**,

2. AutoZone's Motion to Supplement [DE 45] is **DENIED**,

3. AutoZone's Notice of Filing Deposition Transcript of Patrick Peterson [DE 60] is **STRICKEN** from the record along with the attached deposition.

Rebecca Grady Jennings, District Judge
United States District Court

August 5, 2025