UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL POWERS     Plaintiff

v.     Civil Action No. 3:23-cv-00609-RGJ

AUTOZONERS, LLC     Defendant

\* \* \* \* \*

**OPINION & ORDER**

This matter comes before the Court on three separate yet related motions. First, Defendant AutoZoners LLC's ("AutoZone") Motion to Strike Plaintiff's Trial Exhibits. [DE 77]. Second, AutoZone's Motion to Withdraw its Motion to Strike. [DE 84]. And third, Plaintiff Michael Powers's ("Powers") Motion to Extend the Deadline for Tendering Exhibits, which was filed twice in error. [DE 78; DE 81]. These motions are ripe.

First, AutoZone has moved to withdraw its Motion to Strike. [DE 84]. Having reviewed AutoZone's motion and being otherwise sufficiently advised, it is ordered that AutoZone's Motion to Withdraw its Motion to Strike Plaintiff's Trial Exhibits is **GRANTED**.

Second, Powers moves the Court post hoc for an extension to the deadline for tendering exhibits. [DE 78; DE 81]. On July 29, 2025, this Court held a final pretrial hearing at which time the parties were required to tender their trial exhibits. [DE 83]. At the hearing, Defendant AutoZone tendered its exhibits and Powers verbally requested a twenty-four hour extension, which the Court granted, extending Powers's deadline to July 30, 2025. [*Id.*]. Powers was late in providing the exhibits to AutoZone, tendering them on July 31, 2025, within 48 hours of the deadline. [DE 78; DE 81]. This delay of less than 48 hours, caused by a self-described overly ambitious extension request and a family emergency, constitute good cause under Federal Rule of

1

Civil Procedure 16(b)(4), and/or excusable neglect under Rule 6(b)(1)(B). Further, this delay is brief enough that it does not prejudice AutoZone's ability to prepare for trial and AutoZone itself had moved to withdraw its Motion to Strike. [DE 84]. Thus, Powers's motion to extend his filing deadline is **GRANTED.**

Finally, under the Court's scheduling order, all objections to exhibits were due July 15, 2025. [DE 16]. Since exhibits were not timely exchanged, the Court will allow a brief extension as set forth below to file any and all objections to exhibits.

For these reasons, having considered the above motions, it is **ORDERED** as follows:

1. AutoZone's Motion to Withdraw its Motion to Strike [DE 84] is **GRANTED,**

2. AutoZone's Motion to Strike [DE 77] is **WITHDRAWN** and **STRICKEN** from the record,

3. Powers's Motion for Extension of Time to File Trial Exhibits [DE 78; DE 81] is **GRANTED** and trial exhibits tendered to AutoZone on July 31, 2025, shall be deemed timely for purposes of trial,

4. Powers is ordered to submit a copy of all trial exhibits to the Court by thumb drive by end of day **August 18, 2025**, in accordance with the Courts prior instructions on tendering exhibits,

5. Parties must submit any objections to exhibits to the Court in writing by end of day **August 18, 2025**.

Rebecca Grady Jennings, District Judge
United States District Court

August 15, 2025