UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL POWERS     Plaintiff

v.     Civil Action No. 3:23-cv-00609-RGJ

AUTOZONERS, LLC     Defendant

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

Defendant AutoZoners LLC's ("AutoZone") moves to strike audiotape recordings Plaintiff's counsel made of Patrick Peterson. ("Peterson"). [DE 96]. The time for a response to this motion has not lapsed. Yet, given the approaching trial and deadlines set by this Order, the Court will rule on this Motion. AutoZone's Motion to Strike [DE 96] is **DENIED**.

### I.     STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike, even when the moving party does not cite Fed. R. Civ. P. 12(f) as a legal basis for their motion. *Heng v. Bureau of Citizenship & Immigr. Servs*., No. 1:21-CV-806, 2024 WL 3925862, at *2 (S.D. Ohio Aug. 22, 2024). Fed. R. Civ. P. 12(f) provides that on a motion made by a party, "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court may strike portions of the pleading on its own initiative or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)-(2).

Rule 7(a) defines "pleadings" as:

> [A] complaint and an answer; a reply to a counterclaim denominated as such; an answer to a crossclaim, if the answer contains a crossclaim; a third-party complaint, if a person who was not an original third party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.

Fed. R. Civ. P. 7(a). Filings that do not meet this definition of pleading, such as the recordings at issue in this motion, cannot be struck under Fed. R. Civ. P. 12(f).

While not appropriate grounds for a motion to strike, the Court may still disregard the challenged filings if they are inadmissible. *Jackson v. Tennessee Dep't of Safety*, No. 3:05-CV-231, 2009 WL 1437570, at *3 (E.D. Tenn. May 21, 2009) (citing *Lombard v. MCI Telecommunications Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998)). ("[A] court should 'disregard' inadmissible evidence, not strike that evidence from the record.") (emphasis in original, citations omitted); *see also Fox v. Michigan State Police Dep't*, 173 F. App'x 372 (6th Cir. 2006) (district court properly did not strike exhibits attached to dispositive motion but declined to consider them as they failed to meet the requirements of Fed. R. Civ. P. 56(e)). Thus, the Court will still analyze whether the audiotape recordings of Peterson are admissible evidence.

## II.     ANALYSIS

AutoZone argues that Powers's audiotape recordings of his conversation with Peterson should be inadmissible at trial because they were provided too late despite AutoZone's request for production. [DE 96-1 at 1604]. AutoZone correctly points out that when properly requested, impeachment evidence often must be disclosed in response to a discovery request. However, the very cases cited by AutoZone state that a party "must produce all responsive *non-privileged* documents without regard to the recipient's view of how that information might be used at trial." *Beck v. United Parcel Serv.*, No. 4:23-CV-00026-BJB-HBB, 2025 WL 1184122, at *6 (W.D. Ky. Apr. 23, 2025) (citing *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 697 (6th Cir. 2001)) (emphasis added). Privileged documents need not be produced with ordinary impeachment evidence, and Powers indicates that these audiotape recordings were protected attorney work product.

2

AutoZone responds by arguing that Powers's belief that the recordings were attorney work product was "ill-founded." [*Id*. at 1607]. However, AutoZone's contention that attorney work product loses its protection when disclosed to a third party does not apply to the recordings of Peterson. In the Sixth Circuit, "recordings of witness interviews by or at the direction of an attorney in anticipation of litigation are generally not discoverable." *Mitchell v. Archer Daniels Midland Co.*, 329 F.R.D. 178, 181 (E.D. Tenn. 2019). The audiotapes at issue are not work product disclosed to a third party, but rather a witness interview that is undiscoverable attorney work product in the Sixth Circuit. *Id*. Powers does not have to disclose this work product unless he intends to use it at trial for impeachment. Because AutoZone seeks exclusion of this evidence, not discovery, and because AutoZone fails to make any additional argument against the work product doctrine beyond Powers's supposed waiver, the Court will not dive into analysis of whether these recordings fall under the work product doctrine. Nor could it, without access to the audio tapes.

If Powers intends to use these recordings for impeachment, AutoZone argues they would be late. As such, the Court would need to determine whether the late disclosure is justified. In determining whether a party's omitted or late disclosure is substantially justified or harmless, the Court considers the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 747–48 (6th Cir. 2015).

As to the first and second factors, the surprise at issue is minimal and curable. Although the disclosure was made late there is still time before trial for AutoZone to prepare for this impeachment testimony if Powers provides the audiotape recordings immediately. Further, the audiotapes reportedly support the statements Peterson provided in his affidavit that has been on

3

the docket since January 1, 2025. As such, AutoZone is already largely aware of their content and the surprise is mitigated. This factor weighs minimally in favor of inadmissibility.

As to the third factor, because trial has not started the evidence would not disrupt trial and this factor favors admission. As to the fourth factor, the evidence is potentially very significant as Peterson's testimony has been a core issue in summary judgment and reconsideration and looks to be a significant issue at trial. [DE 38; DE 86]. Evidence which the parties could use to impeach Peterson and help the jury evaluate his testimony is very relevant and weighs heavily in favor of admission.

As to the fifth factor, Powers provides a sufficient explanation for his lack of disclosure in his email to AutoZone on August 15, 2025. [DE 96-3 at 1631]. Powers did not become aware of the recordings potential use as impeachment evidence until after Peterson's testimony, and Powers viewed the audio tapes as attorney work product that does not need to be disclosed. There is no evidence that Powers was holding back materials responsive to a discovery request "because [he] prefers to use the evidence as surprise impeachment evidence at trial." *Varga*, 242 F.3d at 687. The relevance of these documents for impeachment purposes has only arisen late in the process due to AutoZone's own failure to depose Peterson in a timely fashion. [DE 86 1562-63]. At the time AutoZone made its requests for production Peterson was not listed as a witness for AutoZone, there was no deposition scheduled, and Powers had no reason to believe that the testimony was impeachment evidence until Peterson provided testimony that contradicted his affidavit. This factor also weighs in favor of admission.

Taken together the factors considered by the Court favor permitting the audiotape recordings to be admitted for purposes of impeachment and AutoZone's Motion to Strike is **DENIED**. However, with trial approaching the delay in notifying AutoZone of this potential

4

impeachment evidence is problematic, especially given the deposition of Peterson occurred on July 1, 2025, over a month before Powers's August 14, 2025, disclosure. If Powers intends to use these recordings to impeach Peterson at trial and has not already provided them to AutoZone, they are admonished to do so immediately. If Powers fails to provide these recording to both AutoZone and the Court by the end of business hours on August 19, 2025, they will not be admissible at trial.

### III.   CONCLUSION

Having considered the motion and the applicable law, and being otherwise sufficiently advised, **it is ORDERED that**,

1. AutoZone's Motion to Strike [DE 96] is **DENIED**,
2. Parties must submit all evidence to be used at trial, including any recording intended to be used for the impeachment of Peterson, to opposing counsel and the Court **by the end of business hours on August 19, 2025.**

Rebecca Grady Jennings, District Judge
United States District Court

August 18, 2025