UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL POWERS                                                                                   Plaintiff

v.                                                                      Civil Action No. 3:23-cv-00609-RGJ

AUTOZONERS, LLC                                                                               Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant AutoZoners, LLC. ("AutoZone") submitted a Bill of Costs. [DE 133]. Plaintiff Michael Powers ("Powers") objected. [DE 134]. AutoZone replied and submitted a revised itemization for its Bill of Costs (the "Revised Bill of Costs"). [DE 135; 135-1]. This matter is ripe. For the reasons below, the Court is **GRANTS in part and DENIES in part** AutoZone's Bill of Costs [DE 133].

## I. BACKGROUND

The background is set forth in the Court's Order on summary judgment [DE 38] and is incorporated by reference.

The Court held a four-day jury trial from August 25, 2025, through August 28, 2025. [DE 132 at 2424]. The Jury awarded a verdict in favor of AutoZone. [*Id.*]. As a result, Powers recovered no damages, and the case was dismissed on its merits. [*Id.*].

## II. STANDARD

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). This rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am.*

1

*Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The objecting party "bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming, LLC*, No. 1:09-CV-00081-TBR, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (citing *BDT Prods., Inc. v. Lexmark Int'l, Inc*., 405 F.3d 415, 420 (6th Cir. 2005), *overruled on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd*., 566 U.S. 560 (2012))

Relevant here, 28 U.S.C. § 1920 sets forth the expenses that may be taxed as costs. Under § 1920(1), the "fees of the clerk and marshal" may be taxed. Where the party seeking costs used a private process server, the costs cannot exceed what the U.S. Marshal Service ("USMS") would charge to serve the subpoena. *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002). The current fee charged by the USMS, in accordance with 28 CFR § 0.114, for each subpoena personally served by a U.S. Marshal is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses."

### III.   DISCUSSION

AutoZone submitted a Bill of Costs requesting costs totaling $ 7,133.40 for fees of the clerk, fees for service of summons and subpoenas, fees for transcripts, and fees for witnesses. [DE 130 at 2425]. In response, Powers objects only to the fees for service of summons and subpoenas, because the invoices provided by AutoZone for service of subpoenas included only flat fees, in excess of the current fee charged by the United States Marshals Service, and because certain of the subpoenas were served for discovery rather than trial. [DE 134 at 2478–79]. In reply, AutoZone "revised Section II of its Itemization to its Bill of Costs . . . to reflect the current fees charged by the United States Marshals Service of $65.00/hour for subpoenas, pursuant to 28 CFR § 0.114." [DE 135 at 2468].

The Court finds that AutoZone's Revised Bill of Costs moots Powers' objection regarding the private server fees associated with each subpoena. Other courts in this circuit facing the same issue have reduced the award of costs to $65 per subpoena—precisely what AutoZone requests in its Revised Bill of Costs. *See Shepard & Assocs., Inc. v. Lokring Tech., LLC*, No. 1:20-CV-02488, 2024 WL 1347355, at *3 (N.D. Ohio Mar. 29, 2024) (granting reimbursement in the amount of $65 per subpoena); *Scheffler v. Lee*, No. 3:14-CV-373-CRS, 2020 WL 2174449, at *8 (W.D. Ky. May 5, 2020) (same). [*See also* DE 135-1 at 2489 (reducing itemized cost of each subpoena in Exhibits B-K to $65)].

As a result, the only dispute is whether AutoZone may recoup costs for "subpoenas utilized by [AutoZone] for discovery," which Powers contends is foreclosed by *Epcon Gas Sys. v. Bauer Compressors, Inc.*, 2001 WL 363933, at *1 (E.D. Mich. Mar. 28, 2001) (denying request for service fees for discovery subpoenas). However, the court's holding in that case was limited to the Eastern District of Michigan's "Bill of Costs Handbook," which the court observed "clearly states that service fees for discovery subpoenas will not be taxable. *Id.* at *3. AutoZone is correct that "[t]his Court has no such prohibition, and Kentucky District Courts allow defendants to recover the costs of subpoenas served in discovery." [DE 135 at 2485 (citing *Dublin Eye Assocs., P.C. v. Massachusetts Mut. Life Ins. Co.*, 2014 WL 5093363, at *1 (awarding defendant who prevailed on a summary judgment motion the costs associated with serving subpoenas in discovery), *report and recommendation adopted in relevant part*, No. CIV.A. 5: 11-128-DCR, 2014 WL 5093306 (E.D. Ky. Oct. 9, 2014) (E.D. Ky. Aug. 12, 2014); *Shepard & Assocs., Inc.*, 2024 WL 1347355, at *3 (Northern District of Ohio district court awarding $65 per subpoena to plaintiff who prevailed on summary judgment)]. The Court holds that Powers shall be taxed in the amount of $650 in subpoena service fees, as reflected in the Revised Bill of Costs.

## IV. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that AutoZone's Bill of Costs [DE 133] is **GRANTED in part and DENIED in part**. Powers is **ORDERED** to pay costs to AutoZone in the amount of **$5,411.80.**

*Rebecca Grady Jennings, District Judge*
*United States District Court*

January 7, 2026

Cc: counsel of record

4